## Case No. 2,745.

### The CITY OF BRUSSELS.

[6 Ben. 370.][1]

District Court, S. D. New York. Feb., 1873.

NEGLIGENCE—DEATH OF INFANT PASSENGER.

A child, which was a passenger on a steamship from Liverpool to New York, was poisoned on the passage, and died, as was alleged, in consequence of negligence on the part of the officers of the ship. The father, having been appointed administrator of the child, filed a libel against the vessel to recover damages, to which libel exceptions were filed by the claimants of the vessel: *Held*, that the cause of action arose on contract, and survived to the administrator, and might be sued for in rem.

[Cited in The Charles Morgan, Case No. 2,-618; Hollyday v. The David Reeves, Id. 6,625; The Columbia, 27 Fed. 720; The Harrisburg, 119 U. S. 207, 7 Sup. Ct. 143.]

This was a libel by John Ryall, administrator, &c., of John Ryall, Jr., alleging, that, in 1871, John Ryall, Jr., who was a child of five years of age, took passage on the steamship City of Brussels, with his mother, at Liverpool, to be carried to New York, for a good consideration, that, while on the voyage, the child was poisoned by carelessness on the part of the officers of the vessel, and died on board, and that the libellant had been appointed administrator; and it claimed damages against the steamer. The claimants excepted to the libel.

Salter & Cowing, for libellant.

Platt, Gerard & Buckley, for claimants.

BLATCHFORD, District Judge. I think that the libel is one for breach of contract, and that the cause of action survived to the administrator, and may be sued for in rem, in like manner as if the deceased had sustained an injury short of death, through the negligence of those in charge of the vessel, and in breach of the contract of carriage, and had sued in rem therefor. Chamberlain v. Chandler [Case No. 2,575]; Crapo v. Allen [Id. 3,360]; The New World v. King, 16 How. [57 U. S.] 469; The Washington, 9 Wall. [76 U. S.] 513; The Aberfoyle [Case No. 17]; The Pacific [Id. 10,643]. The breach is alleged to have occurred during the running of the contract, and before the end of the voyage. The exceptions to the libel are disallowed.